IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY


D.W. Burt Concrete,               :        C.A. No:. S13L–10–043 RFS
Construction, INC., a Corporation of the    :
State of Maryland,                  :
      Plaintiff,                     :

          v.                         :

DEWEY BEACH ENTERPRISES, INC.,   :
et al.,                           :
      Defendants.                 :


## *MEMORANDUM OPINION*


*Upon Defendant's Motion for Summary Judgment and Sanctions.* **GRANTED.**


Date Submitted: February 27, 2015

Date Decided: April 16, 2015


Eric C. Howard, Esquire, Morris James, LLP, 107 West market Street, P.O. Box 690, Georgetown, Delaware 19947, Attorney for Plaintiff

Donald L. Logan, Esquire, Logan & Petrone, LLC, One Corporate Commons, 100 West Commons Boulevard, Suite 435, New Castle, Delaware 19720, Attorney for Defendant


**STOKES, J.**

# ORDER

Pursuant to Rule 56[1] and Rule 37,[2] Day Star Sills, Inc ("Day Star") seeks an order entering partial summary judgment and sanctions based on a release executed by D.W. Burt Concrete Construction, Inc ("Burt"), waiver by failing to address the matters according to the contractual procedures, and failure to comply with court ordered discovery requests.

Day Star retained Burt to provide concrete and other services. Burt executed sworn releases, including a release executed on May 20, 2013 providing:

> "...any and all causes of action suits, debts, accounts, damages, encumbrances, judgments, claims, liens, and demands whatsoever...which the undersigned...ever had or now has against Daystar, the Owner of the Premises by reason of delivery of material and/or performance of the work relating to the construction of the Project, for materials delivered and work performed through the 25th day of March, 2013."[3]

Day Star contends Burt is seeking payment from claims for work prior to that date. Specifically, two change orders dated December 16, 2012 and February 28, 2013. These two charge orders have thus been waived in accordance with

---

[1] Super. Ct. Civ. R. 56.
[2] Super. Ct. Civ. R. 37.
[3] Def.'s Mot. for Summ. J. at ¶ 1.

precedent from the Delaware Supreme Court.[4] Thus, release is ordered on change orders 1 and 2 in the amount of $253,266.[5]

Additionally, Burt may not seek recovery for any of the change orders due to the failure to follow contractual notice provisions. The contract between Burt and Day Star provided that all change order requests must be made with prior written approval from Day Star.[6] Moreover, all change orders should have been made within ten days after the first occurrence of the event giving rise to the claim, and any change orders that were not submitted in accordance with this provision are waived.[7] As such, Burt has waived all of their change orders claims, totaling $343,686.00, by failing to seek Day Star's prior approval or producing evidence of Burt's compliance with these provisions.[8]

Day Star sought discovery requests from Burt seeking a substantiation of Burt's change order, evidence disproving their untimely submission, evidence suggesting the contract between Day Star and Burt may be invalid, and seeking

---

[4] *Riverbend Cmty., LLC v. Green Stone Eng'g, LLC*, 55 A.3d 330, 335 (Del. 2012) (upholding the validity of releases when the language is unambiguous).
[5] Def.'s Mot. for Summ. J. at ¶ 2.
[6] *Id.* at ¶ 3.
[7] *Id.*
[8] *See generally, Millsboro Fire Co. v. Constr. Mgmt. Serv., Inc.,* 2009 WL 846614 (Del. Super. Mar. 31, 2009) *decision clarified on re-argument,* 2009 WL 4017766 (Del. Super. Nov. 12, 2009); *Hartford Cas. Ins. Co. v. MDI Const., L.L.C.,* 2012 WL 4970210 (E.D. La. Oct. 17, 2012); *Weigand Const. Co., Inc. v. Stephens Fabrication, Inc.,* 929 N.E.2d 220 (Ind. Ct. App. 2010); *see also,* Def.'s Mot. for Summ. J. at ¶ 3.

expert disclosures.[9] Burt did not respond.[10] Day Star filed a motion to compel.[11] Burt has not substantially complied with these requests because to date Burt has only provided a list of experts with a generic opinion description.[12]

Burt has failed to comply with the discovery response deadline that was stipulated to by court order.[13] Nor has there been any compliance since the hearing on February 27, 2015 and there has been no compliance with the Court's order.

Due to Burt's failure to comply with discovery requests by Court order, the Court orders the designated facts are taken to be established in accordance with the claim of the party obtaining the order, Day Star, and Burt may not oppose the designated defenses and is prohibited from introducing designated matters in evidence.[14]

Burt may not oppose Defendants' defenses including: (1) Burt's sworn releases bar change order 1 and 2; (2) all change orders are barred due to Burt's failure to substantiate the claim and failure to give proper notice under the contract; (3) the contract is the actual valid contract.[15]

---

[9] Def.'s Mot. for Summ. J. at ¶ 5.
[10] *Id.*
[11] *Id.*
[12] Def.'s Mot. for Summ. J. at ¶ 5.
[13] Def.'s Mot. for Summ. J. at ¶ 6.
[14] Super. Ct. Civ. R. 37; Def.'s Mot. for Summ. J. at ¶ 7.
[15] *See generally, Davis v. W. Ctr. City Neighborhood Planning Advisory Comm., Inc.*, 2003 WL 908885, (Del. Super. Mar. 7, 2003) *aff'd sub nom, Davis v. W. Ctr. City Neighborhood Planning*

Also, Burt is precluded from offering expert testimony because of the failure to disclose the substance of their expert opinions.[16]

Burt has not provided a justification for their failure to respond to the discovery requests and summary judgment may be entered when a party fails to answer discovery requests and there are no facts disputed based on the failure to produce evidence to counter the release and waiver.[17]

Considering the foregoing, after giving the parties an opportunity to respond, the attached order has been signed.

**IT IS SO ORDERED**

_____

Richard F. Stokes, Judge

cc: Prothonotary

---

*Advisory Comm.*, 836 A.2d 513 (Del. 2003) (holding without a meaningful opportunity for discovery defendant could not prepare a proper defense and thus the proper recourse is 37(d)); *see also,* Def.'s Mot. for Summ. J. at ¶ 7–8.

[16] *Sammons v. Doctors for Emergency Servs., P.A.,* 913 A.2d 519, 528 (Del. 2006) (affirming a trial court order restricting expert testimony finding it is unreasonable for counsel to go on a proverbial wild goose chase without the benefit of their scientific reasoning for those opinions); *see also,* Def.'s Mot. for Summ. J. at ¶ 9.

[17] *Wilmington Sav. Fund Soc'y, FSB v. SD Properties, LLC,* 2012 WL 1664247, at *1 (Del. Super. May 10, 2012); *see also,* Def.'s Mot. for Summ. J. at ¶ 10.

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR SUSSEX COUNTY**

| | | |
|---|---|---|
| D.W. BURT CONCRETE CONSTRUCTION, INC. | ) | C.A. No.: S13L-10-043 RFS |
| Plaintiff, | ) | |
| vs. | ) | |
| DEWEY BEACH ENTERPRISES, INC., et al., | ) | |
| Defendants. | ) | |

## ORDER

Upon consideration of *Defendants' Motion for Partial Summary Judgment and Sanctions* and any response thereto,

It is hereby ORDERED that:

A)   Judgment is entered in favor of Defendants on Plaintiff's Counts I through IV change order claims in totaling $343,686;

B)   Plaintiff's sworn releases bar Change Orders 1 and 2 and any other work/claim which predate the date of the releases;

C)   All of Plaintiff's change orders are barred due to Plaintiff's failure to substantiate the claims and failure to give proper notice under the contract;

D)   Exhibit C to the *Motion* is the contract agreement between Burt and Daystar;

E)   Plaintiff is limited at trial to the evidence produced to date;

F)   Plaintiff is barred from introducing expert testimony; and

G)   Defendants are awarded $_____ in attorney's fees.

_____
J.